Matter of Mackenzie Hughes LLP v New York State Tax Appeals Trib. (2019 NY Slip Op 09337)





Matter of Mackenzie Hughes LLP v New York State Tax Appeals Trib.


2019 NY Slip Op 09337


Decided on December 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 26, 2019

527595

[*1]In the Matter of Mackenzie Hughes LLP et al., Petitioners,
v
New York State Tax Appeals Tribunal et al., Respondents.

Calendar Date: November 18, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Colangelo, JJ.


Mackenzie Hughes LLP, Syracuse (W. Bradley Hunt of counsel), for petitioners.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for Commissioner of Taxation and Finance, respondent.



Aarons, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2106) to review a determination of respondent Tax Appeals Tribunal sustaining notices of deficiency of personal income tax imposed under Tax Law article 22.
Petitioner Mackenzie Hughes LLP is a limited liability partnership law firm located in the City of Syracuse, Onondaga County and is the successor firm of Mackenzie Smith Lewis Mitchell & Hughes, LLP (hereinafter MSLMH). The other petitioners are partners or spouses of partners (hereinafter collectively referred to as the partner petitioners) of Mackenzie Hughes during the 2009 tax year. In 2001, MSLMH executed a 15-year lease for office space located in downtown Syracuse. By staying in this specific downtown location, MSLMH was advised that it could receive qualified empire zone enterprise (hereinafter QEZE) tax credits.[FN1] Mackenzie Hughes, which was formed in 2002, assumed the lease and became QEZE certified in 2003, with an effective date of June 14, 2002. In April 2009, the Governor signed legislation (hereinafter the 2009 amendments) that amended the Economic Development Zones Act. The 2009 amendments, as relevant here, changed the criteria for businesses to remain QEZE certified. In June 2009, Mackenzie Hughes was notified by the Department of Economic Development that its QEZE certification was being revoked and that the revocation was effective as of January 1, 2008.
Meanwhile, the partner petitioners claimed QEZE tax credits in either their 2009 income tax returns or amended 2009 income tax returns based upon partnership interests in Mackenzie Hughes. Refunds were initially issued to them but, after further review, the Department of Taxation and Finance disallowed the refunds and sent notices of deficiencies to the partner petitioners in the amounts that had been refunded. The partner petitioners thereafter filed petitions with the Division of Tax Appeals challenging the notices of deficiencies. Following a hearing, the Administrative Law Judge (hereinafter ALJ) sustained the notices of deficiency. The ALJ concluded that the QEZE decertification should be deemed effective as of January 1, 2009. The ALJ further found that applying the 2009 amendments to the partner petitioners in this manner did not constitute a retroactive application of a statute and, even if it did, such retroactive application did not violate the partner petitioners' due process rights. Respondent Tax Appeals Tribunal upheld the ALJ's determination, but for different reasons. The Tribunal found that there was a retroactive application of the 2009 amendments. The Tribunal nonetheless agreed with the ALJ's determination that such application did not rise to a violation of the partner petitioners' due process rights. Petitioners subsequently commenced this CPLR article 78 proceeding in this Court challenging the determination.
As an initial matter, we note that this proceeding does not concern whether the Department of Economic Development properly revoked Mackenzie Hughes' QEZE certification. Rather, the issue presented is whether the Tribunal, by retroactively applying the 2009 amendments and having the QEZE decertification deemed effective as of January 1, 2009, infringed upon the partner petitioners' due process rights. That said, as the parties recognize, resolution of this issue hinges upon examining the three factors articulated by the Court of Appeals in Matter of Replan Dev. v Department of Hous. Preserv. & Dev. of City of N.Y. (70 NY2d 451, 456 [1987], appeal dismissed 485 US 950 [1988]) — specifically, a taxpayer's forewarning of the change in law and the reasonableness of his or her reliance on the old law, the length of the retroactive period and the public purpose of the retroactive application.
Turning first to the public purpose factor, in James Sq. Assoc. LP v Mullen (21 NY3d 233, 249-250 [2013]), the Court of Appeals examined the 2009 amendments at issue here and held that no public purpose was served by their retroactive application. The parties do not dispute that this factor favors petitioners. As to the period of retroactivity, petitioners conceded at oral argument that the period at issue here, which was 97 days, weighs against them.
Regarding the partner petitioners' forewarning of the change in the law and whether their reliance on the old law was reasonable, we find that this factor militates in favor of petitioners. Respondent Commissioner of Taxation and Finance contends that the partner petitioners were on notice of the new law as of January 7, 2009 because that was the start of the 2009 legislative session and the 2009 amendments were being introduced at that time. We disagree. The mere fact that legislation is being introduced does not mean that such legislation would ultimately be passed by the Legislature or signed by the Governor. In other words, the introduction of proposed legislation only gave the partner petitioners notice that, at most, a new law was being contemplated. It did not give them any warning of a change in the law.
Furthermore, although the Tribunal found that there appeared to be nothing that the partner petitioners could have done to alter the result of being decertified, this factor does not focus on what actions they could have taken. Instead, consideration is given to whether the partner petitioners had adequate forewarning of a change in the law and an opportunity to change their behavior (see James Sq. Assoc. LP v Mullen, 21 NY3d at 248). More importantly, consideration must also be given to whether "[the partner petitioners'] reliance has been justified under all the circumstances of the case and whether [their] expectations as to taxation have been unreasonably disappointed" (Matter of Replan Dev. v Department of Hous. Preserv. & Dev. of City of N.Y. (70 NY2d at 456 [internal quotation marks, brackets, emphasis and citations omitted]).
That said, the record reflects that MSLMSH was considering various places to relocate, but ultimately executed the 15-year lease in 2001 to remain in downtown Syracuse. MSLMSH also invested approximately $800,000 in equipment and furnishings. Around that time, MSLMSH was undergoing a corporate restructuring and reorganization, which led to the formation of Mackenzie Hughes in 2002. Mackenzie Hughes assumed many assets of MSLMSH, including the lease, and became QEZE certified in 2003. The testimony from the hearing further reflects that the expenditures and investments were made in reliance on receiving QEZE credits, and Mackenzie Hughes continued to operate its business with the QEZE certification until it was decertified in 2009. Based on the foregoing, we conclude that the partner petitioners' reliance on the old law was reasonable. Nor do we find merit in the Commissioner's assertion that the actions taken by MSLMSH prior to Mackenzie Hughes obtaining its QEZE certification were too attenuated to constitute justifiable reliance by the partner petitioners. Inasmuch as this factor weighs in favor of petitioners (see James Sq. Assoc. LP v Mullen, 21 NY3d at 248) and viewing all factors holistically, we conclude that the retroactive application of the 2009 amendments in this case was improper (compare Matter of Varrington Corp. v City of N.Y. Dept. of Fin., 85 NY2d 28, 35 [1995]).
Garry, P.J., Lynch, Mulvey and Colangelo, JJ., concur.
ADJUDGED that the determination is annulled, with costs, and petition granted.



Footnotes

Footnote 1: New York's Economic Development Zones Act was enacted in 1986 "to stimulate private investment, private business development and job creation" (General Municipal Law § 956) in certain areas by, among other things, offering tax incentives to businesses.